ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| JOMAR OTERO CRUZ<br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br>Recurrido | TA2026RA00300 | *Revisión Administrativa* procedente del Departamento de Corrección y Rehabilitación<br><br>Caso Número:<br>ICG-216-2026 |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Mateu Meléndez y la Jueza Boria Vizcarrondo.

Rivera Marchand, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 8 de junio de 2026.

Comparece por derecho propio y de forma *pauperis*,[1] Jomar Otero Cruz (Sr. Otero Cruz o Recurrente) y solicita que revisemos la *Resolución* que la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación (DCR) promulgó, el 22 de mayo de 2026. En ella, el DCR dispuso que su *Solicitud de Remedio Administrativo* (Núm. ICG-216-2026), relacionada a su interés en participar del programa del Centro de Tratamiento Residencial de Arecibo (CTR), está activa y a la espera de la determinación del Programa de Desvío.

Adelantamos que, por los fundamentos que exponemos a continuación, ordenamos la desestimación del recurso por falta de jurisdicción.

**I.**

Se desprende del expediente ante nuestra consideración que, el 7 de marzo de 2026, el Sr. Otero Cruz instó ante el DCR la *Solicitud de Remedio Administrativo* (Núm. ICG-216-2026), recibida el 19 de marzo de 2026. Expresó en su petitorio que interesa tener

---

[1] Autorizamos al Sr. Otero Cruz a litigar como indigente y lo eximimos de cancelar los aranceles correspondientes.

una entrevista con la Sra. Dalixi Rivera Díaz como parte del proceso de solicitud del programa del CTR, así como, participar de cualquier otro tratamiento que le beneficie. Detalló que, terminó sus terapias sicológicas y expresó estar dispuesto a realizarse las pruebas toxicológicas que sean necesarias para recibir los beneficios solicitados. Añadió que, trabaja en las brigadas y que ha asumido una actitud positiva durante su proceso de rehabilitación.

Resultado de lo anterior, el 14 de abril de 2026, el DCR notificó su *Respuesta del Área Concernida/Superintendente* en donde dispuso que su solicitud fue referida a la Sección Programa de Evaluación y Asesoramiento. Surge, además, que tras su caso ser discutido con la Dra. Pérez Rivera, el Sr. Otero Cruz será considerado y evaluado para integrarlo en el próximo grupo de tratamiento conformado.

Ese mismo día, y por no estar de acuerdo con la determinación del DCR, el Sr. Otero instó una *Solicitud de Reconsideración,* la cual la agencia administrativa acogió, el 6 de mayo de 2026. Posteriormente, el 22 de mayo de 2026, el DCR emitió la *Resolución* objeto de revisión en donde amplió y confirmó su pronunciamiento previo. Además, formuló las siguientes determinaciones de hechos de índole procesal:

1. El 7 de marzo de 2026, el recurrente radicó escrito de solicitud de remedio administrativo[.] En su escrito indicó que le solicitó ayuda a la supervisora de sociales Ana Liciaga que quiere una entrevista con la Sra. Dalixi Rivera, ya que sigue interesado en la ayuda del programa de Arecibo.
2. El 19 de marzo de 2026, el Sr. Henry Luna Bravo, Evaluador de la División de Remedios Administrativos de la oficina local de Aguadilla, recibe, enumera, codifica y firma el recibo de la solicitud de Remedio Administrativo.
3. El 19 de marzo de 2026, se entrega notificación al área concernida, área socio penal a Sra[.] Ana Liciaga Acevedo.
4. El 14 de abril de 2026 el Evaluador Juan Nieves, recibe respuesta del área concernida, para que sea entregada al recurrente del número ICG-216-2026.
5. El 14 de abril de 2026 el recurrente inconforme con la respuesta presentó solicitud de reconsideración ante la coordinadora regional de remedios administrativos, en síntesis, arguye que no está de acuerdo con la contestación recibida.
6. Recibida la Solicitud de Reconsideración y acogida, el 6 de mayo de 2026.

Sobre tales bases, el DCR concluyó lo siguiente:

[s]e orienta al recurrente que tenemos conocimiento que su caso se encuentra activo, el recurrente sabe que se le han explicado, ha sido orientado en múltiples ocasiones sobre el mismo asunto, sobre su caso y que tiene que esperar por cualquier determinación. La supervisora Sra. Ana Liciaga, estableció que el recurrente ha sido evaluado y en espera que el Programa de Desv[í]o realice las gestiones correspondientes, se han [sic] enviado el informe correspondiente, sobre el historial del recurrente, ya están a cargo del programa de comunidad, con programa de desv[í]o. Que el caso fue discutido con la Sra. Dalixi Rivera, indicando que el caso está activo, que tiene que esperar a que la evaluación llegue.

Inconforme aun, el 1 de junio de 2026, el Recurrente acude ante esta Curia mediante el recurso de epígrafe. Aunque no expone propiamente los errores que imputa al DCR, colegimos de su escrito que solicita nuestra intervención para que ordenemos al foro recurrido emitir una contestación final atinente a su solicitud de participación en el CTR.

Hemos examinado con detenimiento el recurso sometido por el Sr. Otero Cruz y optamos por prescindir de los términos, escritos o procedimientos ulteriores "con el propósito de lograr su más justo y eficiente despacho". Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42.

**II.**

**A. La jurisdicción**

La jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias. *Friger Salgueiro v. Mech-Tech College, LLC y otros,* 2026 TSPR 30, resuelto el 20 de marzo de 2026. Es por ello, que, la falta de jurisdicción de un tribunal incide directamente sobre el poder mismo para adjudicar una controversia. *Allied Mgmt. Group v. Oriental Bank,* 204 DPR 374, 385 (2020). Por consiguiente, el primer factor a considerar en toda situación jurídica que se presente ante un foro adjudicativo es el aspecto jurisdiccional. *R&B Power, Inc. v. Junta de Subastas ASG,* 213 DPR

685 (2024). Ello, pues los tribunales tienen la responsabilidad indelegable de examinar, en primera instancia, su propia jurisdicción, así como la del foro de donde procede el recurso ante su consideración. *Mun. Aguada v. W. Const. y Recovery Finance,* 214 DPR 432 (2024).

En ese sentido, en reiteradas ocasiones el Tribunal Supremo ha expresado que, los tribunales tenemos el deber de proteger nuestra jurisdicción, sin poseer discreción para asumirla donde no la hay. *Greene y otros v. Biase y otros,* 2025 TSPR 83, resuelto el 21 de agosto de 2025. A esos efectos, las cuestiones de jurisdicción son de índole privilegiada y deben ser resueltas con preferencia. *Íd.* A causa de ello, al cuestionarse la jurisdicción de un tribunal por alguna de las partes o, incluso, cuando no haya sido planteado por éstas, dicho foro examinará y evaluará, con rigurosidad, el asunto jurisdiccional como parte de su deber ministerial, pues este incide directamente sobre el poder mismo para adjudicar una controversia. *Mun. Aguada v. W. Const. y Recovery Finance,* supra.

Como se sabe, un recurso prematuro es aquel que ocurre antes de tiempo, por haber sido instado con relación a una controversia que no ha sido finalmente resuelta. *Yumac Home v. Empresas Massó,* 194 DPR 96, 107 (2015). Mientras que, un recurso tardío es aquel presentado fuera del término provisto para revisarlo. *Íd.* El efecto de ambos es que, el tribunal al cual se recurre está privado de jurisdicción para atenderlos. *Pueblo v. Rivera Ortiz,* 209 DPR 402 (2022). Ello, pues su presentación carece de eficacia y no produce ningún efecto jurídico, ya que en ese momento todavía no ha nacido autoridad judicial o administrativa para acogerlo. *Torres Alvarado v. Madera Atiles*, 202 DPR 495, 503 (2019). De ese modo, si el tribunal no tiene jurisdicción, solo resta declararlo así y desestimar la reclamación, sin entrar en los méritos de la controversia. *Mun. Aguada v. W. Const. y Recovery Finance,* supra.

Es decir, procede la inmediata desestimación del recurso apelativo, según lo dispuesto en las leyes y los reglamentos para el perfeccionamiento de estos recursos. *Allied Mgmt. Group v. Oriental Bank,* supra*.*

A esos efectos, la Regla 83(C) del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, faculta al foro apelativo a actuar por iniciativa propia para desestimar un recurso apelativo ante la ausencia de jurisdicción. La falta de jurisdicción es un defecto que no puede ser subsanado. *PR Eco Park et al. v. Mun. de Yauco,* 202 DPR 525, 538 (nota 26) (2019). Cabe señalar, sin embargo, que "la desestimación de un recurso por prematuro le permite a la parte que recurre volver a presentarlo, una vez el foro apelado resuelve lo que estaba ante su consideración". *Íd.,* (nota 25), citando a *Yumac Home v. Empresas Massó,* supra*.*

### III.

Conforme a la normativa antes expuesta y como cuestión de umbral, nos corresponde como foro apelativo cumplir nuestro deber de examinar la jurisdicción, previo a entrar en los méritos del recurso ante nuestra consideración.

Tal cual reconoce el Recurrente, el DCR no ha emitido un dictamen final susceptible de nuestra revisión judicial. Según relata, el DCR no ha atendido su solicitud para participar del programa y de las terapias que ofrece el CTR. Expone en su recurso que, el DCR ha dilatado innecesariamente la adjudicación final de su solicitud, bajo el pretexto de que su caso está activo y bajo evaluación.[2] Añade que, sustentado en lo anterior, lo ha sometido a un proceso de espera de más de un año.

---

[2] El Recurrente incluyó como apéndice de su recurso otras solicitudes de remedio similares que ha instado ante el DCR como evidencia de que ha agotado remedios ante el foro administrativo. Los números de solicitud correspondientes son: ICG-430-2026, ICG-316-2026, ICG-434-2026, ICG-448-2026, ICG-909-2026 y ICG-103-2026.

En consideración a lo anterior, hasta tanto el DCR no adjudique la *Solicitud de Remedio Administrativo* (Núm. ICG-216-2026), el término para acudir en revisión judicial ante esta Curia no habrá comenzado. De manera que, nuestra intervención en esta etapa resulta prematura. Cabe recordar que, un recurso prematuro, al igual que uno tardío, priva de jurisdicción al tribunal al cual se recurre. Ante un tribunal que carece de jurisdicción, solo resta declararlo así y desestimar la reclamación, sin atender los méritos de la controversia y sin la posibilidad de poder ser subsanado.

En su consecuencia y conforme nos autorizan la Regla 7(B)(5) y la Regla 83(C) del Reglamento del Tribunal de Apelaciones, *supra,* ordenamos la desestimación del recurso de epígrafe por falta de jurisdicción. Cabe puntualizar que, "la desestimación de un recurso por prematuro le permite a la parte que recurre volver a presentarlo, una vez el foro apelado resuelve lo que estaba ante su consideración". *Eco Park et al. v. Mun. de Yauco,* supra (nota 25), citando a *Yumac Home v. Empresas Massó,* 194 DPR 96, 107 (2015). Lo antes no prejuzga cualquier acción ulterior que promueva el Recurrente en búsqueda de remedios.

**IV.**

Por los fundamentos esbozados, desestimamos el recurso de epígrafe por falta de jurisdicción por prematuro.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones